UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SERGIO SONTAY and AURELIO CALEL,                        Case No.

                Plaintiffs,
   -vs.-
                                                       **COMPLAINT**

DON ANTONIO RESTAURANT, LLC,
KESTE GROUP LLC, ROBERTO
CAPORUSCIO, and GIORGIA CAPORUSCIO,

                Defendants.
----------------------------------------------------------------X

Plaintiffs, SERGIO SONTAY and AURELIO CALEL, by and through their attorneys, the LAW OFFICES OF WILLIAM CAFARO, complaining of the Defendants, hereby allege as follows:

## *THE PARTIES*

1. Plaintiff, SERGIO SONTAY (hereinafter "Mr. Sontay" or "Plaintiff Sontay") is an individual residing in Bronx, New York.

2. Plaintiff, AURELIO CALEL (hereinafter "Mr. Calel" or "Plaintiff Calel") is an individual residing in Bronx, New York

3. Upon information and belief, Defendant DON ANTONIO RESTAURANT, LLC, (hereinafter "Don Antonio") was and is a domestic corporation whose principal place of business is located at 309 West 50th Street, New York, NY 10019.

4.      Upon information and belief, Defendant KESTE GROUP LLC, (hereinafter "Keste Group") was and is a domestic corporation whose principal place of business is located at 271 Bleecker Street, New York, NY 10014.

5.      Upon information and belief, Defendant ROBERTO CAPORUSCIO, (hereinafter "Roberto") is an individual, whose actual place of business is located at 309 West 50th Street, New York, NY 10019.

6.      Upon information and belief, at all times herein pertinent, Defendant Roberto, served as a principal, officer and/or manager of Defendants Don Antonio and Keste Group.

7.      Upon information and belief, Defendant GIORGIA CAPORUSCIO, (hereinafter "Giorgia") is an individual, whose actual place of business is located at 309 West 50th Street, New York, NY 10019.

8.      Upon information and belief, at all times herein pertinent, Defendant Giorgia, served as a principal, officer and/or manager of Defendants Don Antonio and Keste Group.

9.      Upon information and belief, for the calendar year 2013 the gross receipts of Don Antonio were not less than $500,000.00.

10.     Upon information and belief, for the calendar year 2014 the gross receipts of Don Antonio were not less than $500,000.00.

11. Upon information and belief, for the calendar year 2015 the gross receipts of Don Antonio were not less than $500,000.00.

12. Upon information and belief, for the calendar year 2016 the gross receipts of Don Antonio will not be less than $500,000.00.

13. Upon information and belief, for the calendar year 2013 the gross receipts of Keste Group were not less than $500,000.00.

14. Upon information and belief, for the calendar year 2014 the gross receipts of Keste Group were not less than $500,000.00.

15. Upon information and belief, for the calendar year 2015 the gross receipts of Keste Group were not less than $500,000.00.

16. Upon information and belief, for the calendar year 2016 the gross receipts of Keste Group will not be less than $500,000.00.

17. Upon information and belief, the two corporate defendants, Don Antonio and Keste Group are operated under common ownership and under common management for a joint business purpose, as a joint enterprise.

18. Upon information and belief, the defendants Roberto and Giorgia, own all the beneficial interest of the defendants, Don Antonio and Keste Group.

19. Upon information and belief, the defendants Roberto and Giorgia, conducted substantially all the management functions of the defendants, Don Antonio and Keste Group.

20. Upon information and belief, the defendants Don Antonio and Keste Group have operated in the manner outlined in ¶¶ 17-19, inclusive, for at least the three years preceding the filing of this Compliant.

21. Upon information and belief, the aggregated gross receipts of Don Antonio and Keste Group exceeded $500,000.00 per annum in each of the calendar years 2013 through 2016, inclusive.

## *JURISDICTION AND VENUE*

22. Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the Labor Law and 12 NYCRR § 142-2.2 and 12 NYCRR § 142-2.4 and other appropriate rules, regulations, statutes, and ordinances.

23. Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one of the Defendants resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## *FACTUAL ALLEGATIONS*

24. At all times herein pertinent, the Defendants, and each of them, were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

25. At all times herein pertinent, and in the course of their duties, Plaintiffs regularly handled products which had been moved in commerce.

26. Plaintiffs' primary duties did not include the exercise of discretion and independent judgment with respect to any matters of significance.

27. Don Antonio operates as a restaurant.

28. Keste Group operates as a restaurant.

29. Mr. Sontay was employed by the Defendants at Don Antonio's from on or about May 15, 2015 until on or about June 5, 2015 where he was transferred to Keste Group and work from on or about June 6, 2015 until on or about December 31, 2015.

30. Mr. Sontay was assigned various duties including but not limited preparing food as well as running food to tables.

31. Mr. Sontay's work scheduled was Tuesday through Sunday from 6:00 AM until 3:30 PM.

32. Mr. Sontay was compensated at various pay rates during his employment with Defendants. When Mr. Sontay first began working for Defendants he was paid $16.75 per work hour. On or about June 1, 2014 Defendants began paying Mr. Sontay approximately $670.00 per work week.

33. Mr. Calel was employed by the Defendants from on or about January 12, 2012 until on or about December 7, 2015.

34. Mr. Calel was assigned various duties including but not limited to, washing dishes, preparing food, as well as mopping and sweeping the Defendants' restaurants.

35. Mr. Calel work scheduled varied, from on or about January 12, 2012 until on or about December 31, 2014, plaintiff worked seven days a week from 7:00 AM until 5:00 PM. From on or about January 1, 2015 until his termination, Mr. Calel worked six days per week from 7:00 AM until 5:00 PM.

36. Mr. Calel was compensated at various pay rates during his employment with Defendants. From the beginning of his employment until on or about March 15 2012, Plaintiff was compensated $7.92 per hour. From on or about March 15, 2012 until on or about May 31, 2014, Plaintiff was paid $9.06 per hour. On or about June 1, 2014 Defendants began paying Mr. Calel approximately $975.00 per work week. While Mr. Calel was usually paid $975 per work week, though he was occasionally paid approximately $375.00 per work week.

37. Plaintiffs regularly worked for the Defendants in excess of forty (40) hours a week but routinely did not receive any overtime premium of one and one half times their regular rate of pay for those hours.

38. Defendants failed to pay Plaintiffs the full statutory minimum wage for those hours they worked up to 40 in a given work week.

39. Defendants failed to pay Plaintiffs spread of hours pay.

40. Defendants Roberto and Giorgia had the power to hire employees at Don Antonio's and Keste Group.

41. Defendant Roberto hired Mr. Calel on or about January 12, 2012.

42. Upon information and belief, Defendants Roberto and Giorgia had the power to fire employees at Don Antonio's and Keste Group.

43. Defendants Roberto and Giorgia controlled the terms of the Plaintiffs employment in that they would tell them what tasks to complete and on what time frame they needed to be completed.

44. Upon information and belief, Defendants Roberto and Giorgia controlled the work schedule of all of the employees of Don Antonio's and Keste Group, including the Plaintiffs work schedules.

45. Upon information and belief, Defendants Roberto and Giorgia controlled the rates and methods of payment of each of the employees of Don Antonio's and Keste Group, including the Plaintiffs pay rates and methods of pay.

46. At all times herein pertinent, the Plaintiffs performed their duties for Defendant Don Antonio's and Keste Group, at the direction and under the control of Defendants Roberto and Giorgia.

47. Upon information and belief, and at all times herein pertinent, Defendants Roberto and Giorgia exercised close control over the managerial operations of Don Antonio's and Keste Group, including the policies and practices concerning employees.

48. At all times herein pertinent, Defendants Roberto and Giorgia controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing and as to wages with respect to the employees of Don Antonio in general, and with respect to the Plaintiffs in particular.

49. At all times herein pertinent, Defendants Roberto and Giorgia controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing and as to wages with respect to the employees of Keste Group in general, and with respect to the Plaintiff Sontay in particular.

50. At all times herein pertinent, Defendants Roberto and Giorgia acted as Plaintiffs employers within the meaning of the FLSA and the New York State Labor Law.

51. The Defendants did not create or maintain records showing the precise number of hours Plaintiffs worked or of wages earned.

52. Plaintiffs alternatively allege that Defendants created records showing the number of hours Plaintiff worked and/or of wages earned but upon information and belief, have not maintained them as required by law.

53. Defendant failed to furnish Plaintiffs with proper annual wage notices, as required by the NYLL.

54. Defendants failed to furnish Plaintiffs with a proper statement with every payment of wages, as required by the NYLL.

### AS AND FOR A FIRST CAUSE OF ACTION
### FEDERAL FAIR LABOR STANDARDS ACT
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (FAILURE TO PAY MINIMUM WAGE)

55. Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

56. All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

57. The Defendants herein knowingly and willfully violated 29 U.S.C. § 206 by failing to pay Plaintiffs the applicable minimum wage.

### AS AND FOR A SECOND CAUSE OF ACTION
### FEDERAL FAIR LABOR STANDARDS ACT
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (FAILURE TO PAY OVERTIME)

58. The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

59. All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

60. The Defendants herein knowingly and willfully violated 29 U.S.C. § 207 by failing to pay Plaintiffs overtime pay at the premium rate of one and one half times Plaintiffs regular rate of pay.

### AS AND FOR A THIRD CAUSE OF ACTION
### STATE MINIMUM WAGE ACT
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (FAILURE TO PAY MINIMUM WAGE)

61. The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

62. The Defendants herein willfully and in bad faith violated Article § 650 by failing to pay Plaintiffs the applicable minimum wage.

### AS AND FOR A FOURTH CAUSE OF ACTION
### STATE WAGE AND HOUR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (FAILURE TO PAY OVERTIME)

63. The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

64. The Defendants herein knowingly and in bad faith violated Articles 6 & 19 of the New York State Labor Law and 12 NYCRR §142-2.2 by failing to pay Plaintiffs overtime pay at the premium rate of one and one half times Plaintiff's regular rate of pay.

### AS AND FOR A FIFTH CAUSE OF ACTION
### STATE WAGE AND HOUR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (FAILURE TO PAY SPREAD OF HOURS)

65. The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

66. The Defendants herein knowingly, willfully and in bad faith violated Articles 6 & 19 of NYLL, and more particularly 12 NYCRR § 142-2.4, by failing to pay Plaintiffs, one additional hour of pay at the prevailing minimum wage for each day during which there was a split shift and/or the spread of hours exceeded 10 hours.

### *AS AND FOR A SIXTH CAUSE OF ACTION*
### *NEW YORK STATE LABOR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PROVIDE ANNUAL WAGE NOTICES)*

67. The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

68. Defendants have willfully failed to furnish Plaintiffs with annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

69. Through their knowing or intentional failure to provide Plaintiffs with the annual wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

### *AS AND FOR A SEVENTH CAUSE OF ACTION*
### *NEW YORK STATE LABOR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PROVIDE WAGE STATEMENTS)*

70. The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

71. Defendants have willfully failed to furnish Plaintiffs with statements with every payment of wages as required by NYLL, Article 6, § 195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

72. Through their knowing or intentional failure to provide Plaintiffs with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

### *AS AND FOR AN EIGHTH CAUSE OF ACTION*
### *SUBSTANTIVE STATE CONTRACT LAW*

73. The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

74. Pursuant to the substantive contract law of the State of New York, as well as the provisions of the FLSA, the NYLL, and all underlying federal and state regulations promulgated thereunder there existed an agreement between the Plaintiffs and the Defendants wherein the Plaintiffs were to be paid one and one half times their regular rate of pay for all work performed over forty hours in a single work week.

75. The Defendants failed to pay the Plaintiffs the hourly wages to which they were entitled pursuant to the wage provisions in the aforesaid contracts.

76. The Defendants violated the agreement, causing Plaintiffs damage.

77. Due to Defendants violation of the agreement, the Plaintiffs are entitled to recover from Defendants their unpaid overtime compensation.

**WHEREFORE**, Plaintiffs pray for judgment as against the Defendants, and each of them, as follows:

a) awarding back pay for minimum wages due and owing to the Plaintiffs;

b) awarding back pay for overtime pay due and owing to the Plaintiffs;

c) awarding back pay for spread of hours pay due and owing to the Plaintiffs;

d) Declaring that Defendants violated the provisions of the NYLL relating to notice and record keeping requirements regarding employees, and awarding Plaintiffs statutory damages and any other relief authorized under the NYLL for violations of those requirements;

e) awarding liquidated damages pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

f) awarding the costs and disbursements of this action, along with reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

g) awarding any other relief this Court deems just, proper and equitable.

Dated: New York, New York
January 12, 2016

Respectfully submitted,
LAW OFFICES OF WILLIAM CAFARO

Amit Kumar (AK0822)
Attorneys for Plaintiffs
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
AKumar@Cafaroesq.com
Our File No.: 52860

To:

DON ANTONIO RESTAURANT, LLC
309 West 50th Street
New York, NY 10019

KESTE GROUP LLC
271 Bleecker Street
New York, NY 10014

ROBERTO CAPORUSCIO
309 West 50th Street
New York, NY 10019

GIORGIA CAPORUSCIO
309 West 50th Street
New York, NY 10019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SERGIO SONTAY and AURELIO CALEL,                    Case No.

                              Plaintiffs,

       -vs.-

DON ANTONIO RESTAURANT, LLC,
KESTE GROUP LLC, ROBERTO
CAPORUSCIO, and GIORGIA CAPORUSCIO,

                              Defendants.
-----------------------------------------------------------------X

## COMPLAINT

LAW OFFICES OF WILLIAM CAFARO
Attorneys for Plaintiffs
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
File No. 52830